# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE SWAFFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-2269-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's first amended complaint (ECF No. 4).

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's complaint refers to nearly one hundred pages of attached documents which purportedly support the factual allegations against the defendants. Furthermore, the complaint is unclear regarding how plaintiff's due process rights were allegedly violated. Within the complaint's single claim, plaintiff alleges improper exclusion from parole consideration while actually being scheduled to appear before the parole board for early parole consideration on February 19, 2019. See ECF No. 4 at 20. Additionally, plaintiff expresses his intent to petition for writ of habeas corpus. See id. at 16. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the Court to comb through a hundred pages of documents in order to determine whether plaintiff has stated any claims upon which relief can be granted. The Court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the Court – to formulate his claims in a way that satisfies the rules.

The complaint will be dismissed with leave to amend. Plaintiff is cautioned that failure to file an amended complaint that satisfies the requirements of Rule 8, and is timely filed within the time specified herein, may result in dismissal of the entire action. See Local Rule 110.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 4) is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

Dated:  June 12, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE