1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LEE SWAFFORD,                              No. 2:19-CV-2269-DMC-P

12                    Plaintiff,

13         v.                                     <u>ORDER</u>

14    ROBERT NEUSCHMID, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C.

18    § 1983. Before the Court is Plaintiff's second amended complaint. <u>See</u> ECF No. 11.

19            The Court previously dismissed Plaintiff's original complaint with leave to amend

20    because it was vague and excessively long, including hundreds of attached documents. ECF No. 8.

21    The complaint was also vague. <u>Id.</u> The Court concluded that the complaint did not comply with

22    Federal Rule of Civil Procedure 8. <u>Id.</u> Because Plaintiff has still not stated a claim for relief, the

23    Court dismisses the second amended complaint with leave to amend.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

1

# I. SCREENING REQUIREMENT

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

/ / /

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names two defendants in his second amended complaint: (1) Robert Neuschmid, warden of California State Prison, Solano (CSP-Solano); and (2) Scott Kernan, former Secretary of the California Department of Corrections and Rehabilitation (CDCR). EFC No. 11 at 1. Plaintiff contends that Defendants have violated his due process and equal protection rights under the Fourteenth Amendment to the United States Constitution. Id. at 3.

According to Plaintiff, he was convicted of a single count of robbery in 1996. Id. He received a total sentence of 35 years under California's three-strikes law. Id. at 4. Broadly, Plaintiff contends that an appeal (presumably of his conviction) has been denied and that Defendants denied him early parole consideration. Id. at 5. Plaintiff believes that he was entitled to parole consideration based on parole review processes that came into effect in 2016. Id. at 5–6. He filed an administrative grievance complaining of "false imprisonment" in light of those processes. See id.

Plaintiff also believes that Defendants established a state-created liberty interest when they notified him that his release on parole was "pending eligibility." Id. at 7. Plaintiff thus alleges that Defendants violated his equal protection and due process rights when they later denied him early release without "fair and proper procedures." Id. Plaintiff apparently also believes that it is unconstitutional that his "eligibility" for parole was pending for more than 120 days. Id. at 8–9.

Plaintiff contends that he remains eligible for early release. Id. at 9–10. Prison officials apparently denied all of administrative grievances complaining of the above allegations. See, e.g., id. at 10. Finally, Plaintiff alleges that it is unconstitutional that emergency regulations have since excluded him from consideration for parole due to his conviction and sentence under California's three strikes provisions. See id. at 10–13. He seeks $250,000 for the alleged Fourteenth Amendment violations. Id. at 16.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. DISCUSSION

Plaintiff has not stated a claim for relief under § 1983. Plaintiff cannot bring a civil rights action attacking the validity of his incarceration.

Section 1983 provides a remedy for the violation of constitutional and federal statutory rights by a person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim under § 1983, Plaintiff "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (quoting Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001)); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see Sampson, 974 F.3d at 1018.

Section 1983 is not a vehicle for challenging the validity of confinement. See, e.g., Skinner v. Switzer, 562 U.S. 521, 533–34 (2011); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. See Skinner, 562 U.S. at 533–34; Nettles, 830 F.3d at 927.

The *exclusive* remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. See Skinner, 562 U.S. at 533–34; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nettles, 830 F.3d at 927; Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. A prisoner may not bring a § 1983 action that necessarily implies the unlawfulness of their conviction or confinement. See Skinner, 562 U.S. at 533–34; Muhammad v. Close, 540 U.S. 749, 750–51 (2004); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Nettles, 830 F.3d at 927–30.

The reasoning above extends to Plaintiff's case. Logically, an award of damages based on Plaintiff's allegations that he remains unlawfully imprisoned would necessarily imply the

4

1    invalidity of his confinement. See, e.g., Heck, 512 U.S. at 480–87. Consequently, Plaintiff cannot

2    bring a claim for damages under § 1983 on his current allegations. E.g., id.; see Nettles, 830 F.3d

3    at 928. Rather, Plaintiff is beholden to the so-named "favorable termination" rule derived from

4    Heck v. Humphrey. Heck, 512 U.S. at 480–87; Nettles, 830 F.3d at 928. Plaintiff must first prove

5    that his conviction or sentence has been favorably terminated, and only then may he bring suit for

6    damages on his claims. See, e.g., Roberts v. City of Fairbanks, 947 F.3d 1191, 1196–98; Nettles,

7    830 F.3d at 928; Ramirez, 334 F.3d at 855; see also Edwards v. Balisok, 520 U.S. 641, 643–47

8    (1997) (extending to the favorable termination rule to challenges to prison disciplinary actions that

9    would call into question the validity of a prisoner's confinement).

10          The Supreme Court has recognized some distinction between parole challenges that

11   would guarantee parole consideration and judgments that would imply the unlawfulness of a

12   plaintiff's confinement itself. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). A parole challenge

13   that could secure earlier *consideration* for parole but that does not necessarily imply the

14   unlawfulness of a conviction is not automatically barred as a § 1983 action. Id. at 76–82. But it is

15   not sufficiently clear here whether Plaintiff means to challenge the denial of parole and lawfulness

16   of his continued incarceration altogether, or solely the procedures used to determine parole.

17          If Plaintiff wishes to pursue damages for his alleged harm, which would call into

18   question the lawfulness of his incarceration, he will first have to receive favorable termination of

19   his confinement. Alternatively, if Plaintiff seeks release from prison altogether, he may file a

20   petition for a writ of habeas corpus. As stated, however, it is not clear whether Plaintiff means to

21   challenge the parole procedures insofar as they may have denied him the opportunity to be

22   *considered* for parole, in which case this action would not necessarily imply the unlawfulness of

23   his imprisonment. See, e.g., Wilkinson, 544 U.S. at 81–82. The Court will thus grant leave to amend

24   so that Plaintiff may try to state claims that do not necessarily imply the invalidity of his conviction.

25                                   **IV. CONCLUSION**

26          Because it is possible that the deficiencies identified in this order may be cured by

27   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.

28   See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed

1    that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v.

2    Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all

3    claims alleged in the original complaint which are not alleged in the amended complaint are waived.

4    See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint,

5    the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint

6    complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference

7    to any prior pleading.  See id.

8            If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

9    conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

10   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

11   each named defendant is involved and must set forth some affirmative link or connection between

12   each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167

13   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14           Finally, Plaintiff is warned that failure to file an amended complaint within the time

15   provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-

16   61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with

17   Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See

18   Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

19           Accordingly, IT IS HEREBY ORDERED that:

20           1.      Plaintiff's second amended complaint is dismissed with leave to amend; and

21           2.      Plaintiff shall file a third amended complaint within 30 days of the date of

22   service of this order.

23

24   Dated:  August 25, 2021

25                                                    _____
                                                      DENNIS M. COTA
26                                                    UNITED STATES MAGISTRATE JUDGE

27

28

                                                      6